UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL HAMBURG,<br>    Plaintiff,<br>v.<br>WILLIAM J. CLINTON, President<br>of the United States of America,<br>    Defendant. | Civil Action No. 98-1459 (TPJ) |

FILED DEC 02 1998
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS

Defendant,[1] by and through undersigned counsel, hereby opposes plaintiff's motions and moves to strike these papers as improvidently filed.

## FACTUAL BACKGROUND

On June 11, 1998, plaintiff filed his complaint seeking declaratory relief in the form of an upgrade of his undesirable discharge from the Army, as well as a monetary judgment of "at least Ten thousand dollars." Compl. ¶ 10. On September 28, 1998, defendant filed a motion to dismiss plaintiff's complaint.

Defendant's motion to dismiss is fully briefed and currently is pending.[2] Defendant's dispositive motion points-out serious jurisdictional defects and that plaintiff filed substantially the same complaint with the United States Court of Federal Claims in 1994. That

---

[1] In its September 28, 1998, motion to dismiss plaintiff's complaint, defendant requested that the United States be substituted as the sole defendant in this action.

[2] Plaintiff filed three opposition documents. Defendants filed a reply on October 26, 1998.

action was dismissed. Moreover, defendant's motion contends, among other things, that (1) plaintiff's complaint is barred by the applicable statute of limitations, (2) plaintiff has failed to plead and prove jurisdiction, (3) plaintiff has failed to provide a short and plain statement of his claim, and (4) plaintiff's claims are barred by the doctrine of res judicata.[3]

In the time between the filing of plaintiff's complaint and the filing of defendant's responsive pleading (motion to dismiss), plaintiff filed the following documents:

- o   "Arguement [sic] For a Petition to Mandate as Investigation of Civil Rights Violation and Motion to Join the State of Nebraska as a Third Party Defendant" [docket # 17 & 18];

- o   "Motion for Patial Summary Judgement [sic] and Request of the Court for Discovery of Records" [docket # 9];[4]

- o   "Plaintiffs Petition to the Court to Allow Use of the Book on Vietnam War to Argue His Case" [docket # 12];

- o   "Memorandum Related to Statement Made by Defendant Clinton" [docket # 8];

- o   "Motion to Join Second and Third Party Defendants"[docket # 11];

- o   "Motion to Allow Attached News Story as an Affidavit in Support of Al Hamburg's Claim" [docket # 6];

- o   "Objection to Defendants Claim that Seven Motions Were Not Properly Served" [docket # 19];

---

[3] In its Order of October 5, 1998, the Court correctly pointed-out that, "because defendant has offered matters outside the pleadings in support of his motion [to dismiss], it may be treated as one for summary judgment."

[4] In this motion, plaintiff seeks <u>inter alia</u> a Court Order "direct[ing] that defendant Bill Clinton as Commnader [sic] in Chief to require the Army to conduct a search of records if any on Belgium Army combat records from medical aid units in Korea during time of Sept 7 to Sept 14, 1952 part of 3rd Infantry Div for any record that the plaintiff Hamburg was treated for a right leg wound from a Chinese Army mortar shell." As a preliminary matter, a party may not seek "discovery from any source before the parties have met and conferred as required by subdivision (f)." Fed. R. Civ. P. 26(d).

- o    "Motion for Partial Summary Judgement [sic] and Request of the Court for Discovery of Records"[5] [docket # 10];

- o    "Plaintiff's Offer for Settlement of This Case" [docket # 21];

- o    "Motion to Require Signed Statement from U.S. Attorney General J. Reno in Regard to Defendants [sic] Attorneys [sic] Claim that Plaintiffs [sic] Motions Were Not Properly Served" [docket # 20];

- o    "Memorandum in Support of Plaintiff's Claim" [docket #7];

- o    "Motion to Allow attached News Story as an Affidavit in Support of Al Hamburg's Claim"[6] [docket #?]; and

- o    "Petition for Writ of Mandamus to Order I.N.S. Director Doris Meissner to Stop Illegal Alien Invasion from Mexico" [docket # 13].

By Court Orders of September 16, 1998 and September 29, 1998, the Court directed defendants to file a consolidated response to plaintiffs numerous filings on November 30, 1998.[7]

### BECAUSE PLAINTIFF'S MOTIONS ARE PREMATURE, VAGUE, REDUNDANT, EXCEED THE SCOPE OF THE COMPLAINT, CONTAIN IMMATERIAL MATTER, LACK MERIT AND OTHERWISE ARE NOT PROPER, THEY SHOULD BE STRICKEN FROM THE RECORD

Plaintiff's numerous essay-like filings run afoul of numerous federal and local rules including: Federal Rule of Civil Procedure 7(a) (providing that there shall be a complaint and an

---

[5] This motion is identical to the motion with the same caption served on defendant on August 31, 1998.

[6] This motion is identical to the motion with the same caption served on defendant on August 31, 1998.

[7] On November 30, 1998, defendants filed a motion to enlarge this deadline for two business days to December 2, 1998.

answer; and no other pleading allowed); Federal Rule of Civil Procedure 7(b)(1) (providing that a motion shall state with particularity the grounds therefore and shall set forth the relief sought); Federal Rule of Civil Procedure 12(e) (providing that, if a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, a party may move for a more definite statement before interposing a responsive pleading).

Moreover, none of plaintiff's motions comply with Local Rule 108(m) (duty to confer with counsel before filing <u>any</u> nondispositive motion) and 108(c) (requiring that each motion be accompanied by a proposed order). For these reasons alone, plaintiff's motions should not be entertained.

Federal Rule of Civil Procedure 12(f) provides that the Court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." Plaintiff has not made a motion to amend his complaint, yet freely makes argument and discussion that far exceeds the scope of his complaint.[8] Often, plaintiff fails to identify the relief he seeks from the Court and/or the legal authority for his request.[9] Though subject to a less stringent standard than attorneys,

---

[8] <u>See, e.g.</u>, "Arguement [sic] For a Petition to Mandate as Investigation of Civil Rights Violation and Motion to Join the State of Nebraska as a Third Party Defendant" at 2 (complaining that government seized old houses for back taxes and "turn[ed] them over for free to illegal aliens from Mexico").

[9] <u>See, e.g.</u>, "Arguement [sic] For a Petition to Mandate as Investigation of Civil Rights Violation and Motion to Join the State of Nebraska as a Third Party Defendant" at 1 (petitioning Court for a mandate to order the U.S. Commission on Civil Rights to investigate this case); "Memorandum Related to Statement Made by Defendant Clinton" at 1 (complaining that alleged statements by "Pres Bill Clinton that more Mexicans should be allowed to enter the military by lowering the I.Q. testing and education requirements for so called Hispanic minority persons than other persons that enlist are required to have shows a lack of respect for and a pattern of racial discrimination against white military and white veterans);  "Petition for Writ of Mandamus to Order I.N.S. Director Doris Meissner to Stop Illegal Alien Invasion from Mexico" at 1 (requesting that the Court "issue a Writ of Mandamus Court order

pro se litigants do not have license to ignore federal rules or expect the Court and other parties to decipher their contentions and the relief sought. See Def.'s Mem. In Support of Mot. to Dismiss Pl.'s Compl. at 5. Accordingly, defendant is not in a position to speculate as to the meaning of plaintiff's papers or to frame additional responses to plaintiff's numerous filings at this time.

## CONCLUSION

Because plaintiff's motions are premature, vague, redundant, exceed the scope of the complaint, contain immaterial and/or scandalous matter and otherwise are not improper form, pursuant to Federal Rule of Civil Procedure 12(f), defendant respectfully requests that these filings be stricken from the record. If the Court does not strike these papers from the record, defendant's respectfully request a period of ten days in which to file a supplemental response to any document that the Court deems appropriately before the Court.

Respectfully submitted,

*(signature)*
WILMA A. LEWIS, DC Bar #358673
United States Attorney

*(signature)*
MARK E. NAGLE, DC Bar #416364
Assistant U.S. Attorney

*(signature)*
LISA BARSOOMIAN, DC Bar #448398
Assistant U.S. Attorney

---

that I.N.S. Director Doris Meissner perform the required duty to stop the illegal alien and drug invasion [sic] from Mexico into the U.S.A . . . .")

U.S. Attorney's Office
444 4th Street, N.W.
Washington, D.C. 20001
(202) 305-4851

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS and proposed order have been mailed, postage prepaid, this 2nd day of December 1998 to:

Mr. Al Hamburg
Route 4 Box A15
Torrington, WY 82240

_____
LISA BARSOOMIAN
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20001
(202) 305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL HAMBURG,              )<br>                          )<br>     Plaintiff,          )<br>                          )<br>     v.                   )<br>                          )<br>WILLIAM J. CLINTON,       )<br>President of the         )<br>United States of America,)<br>                          )<br>     Defendant.          )<br>_____) | Civil Action No. 98-1459 (TPJ) |

**NOTICE TO CLERK RE FILING OF "DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTIONS" ON DECEMBER 2, 1998**

On December 2, 1998, defendant filed a document styled "Defendant's Opposition to Plaintiff's Motions." As of December 16, 1998, this document (which should be docket entry No. 39) was not entered in the docket of this case. Defendant respectfully requests that the document, a filed stamped copy of which is attached, be entered in the docket.

Respectfully submitted,

_____
LISA BARSOOMIAN, DC Bar #448398
Assistant United States Attorney
Judiciary Center Building
555 - 4th Street, N.W.
Washington, D.C. 20001
(202) 305-4851

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing NOTICE TO CLERK RE FILING OF "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS" ON DECEMBER 2, 1998 has been mailed, postage prepaid, this 21th day of December, 1998 to:

Mr. Al Hamburg
Route 3, Box A15
Torrington, Wyoming 82240

_____
LISA BARSOOMIAN, DC Bar #448398
Assistant United States Attorney
Judiciary Center Building
555 - 4th Street, N.W.
Washington, D.C. 20001
(202) 305-4851